

May 12, 2020

Hon. Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   United States v. Robert Wilson, et. al. (19-CR-625 (JMF))

Dear Judge Furman,

Yesterday, the Court issued an order provisionally setting the trial date in this matter for May 24, 2021.  The Court also directed defense counsel to consult with our clients by June 19, 2020 about the trial date, and to confer with the government about whether the currently scheduled status conference of May 18, 2020 remains necessary.

I write today on behalf of all defense counsel and with the consent of the government. First, we jointly request for the currently scheduled status conference to be adjourned to a future date to be determined by the Court.  Second, defense counsel consent, on behalf of all defendants, to an exclusion of time under the Speedy Trial Act until June 19, 2020, by which time we will have spoken to our clients about the proposed May 24, 2021 trial date, and the parallel exclusion of speedy trial time until trial.  As directed by the Court, we will file a letter by June 19 to inform the Court about our clients' position on both matters.

Third, we respectfully request, with the consent of the government, to move the current motion schedule so that defense motions would be due on November 2, 2020, the government's response would be due on December 1, 2020, and defense replies would be due on December 15, 2020.  Any evidentiary hearings could be scheduled in January 2021.

We make this request for the following reasons.  Trial of this matter is 11 months away, and some or all of the defendants may wish to explore resolutions of this case short of trial.  For a number of reasons, it makes sense to try to reach resolutions before motions are filed.  In order for dispositions to be reached, counsel must be able to have substantive and confidential conversations with our clients.  That is simply not

possible under the current circumstances.  We are hopeful that at some point this summer or early fall visiting at the detention centers will recommence and we can begin the process of meaningfully discussing dispositions.  Similarly, substantive meetings with clients are required for motion practice, including the potential need for obtaining affidavits. This, again, is not currently possible.  Accordingly, moving the motion schedule to November, still six months before trial, conserves resources and recognizes the extraordinary circumstances we are all operating under.  As noted, the government consents to this request.

Respectfully,

/s/

Florian Miedel
*Attorney for Marquis Yohanis*

cc:     All Counsel

Applications GRANTED.  The briefing schedule for motions proposed above is hereby adopted.  In light of that, the pretrial conference scheduled for May 18, 2020, is ADJOURNED to November 9, 2020, at 3:30 p.m.  (If public health conditions allow for safe in-person proceedings before then, the Court may advance the conference date.  Further, if any party believes there is a need for a conference before then, it should confer with the other parties and file a letter motion to that effect.)  For now, the Court excludes time under the Speedy Trial Act between today and June 19, 2020, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), finding that the purposes of excluding that time outweigh the interests of the Defendants and the public in a speedy trial to allow Defendants and counsel an adequate amount of time to communicate about, and prepare, any pretrial motions.  In their letter due June 19, 2020, defense counsel shall indicate whether they consent to exclusion of time through November 9, 2020.

Finally, one clarification is in order: May 24, 2021, is not a "proposed" trial date.  Unless and until the Court orders otherwise, it is the trial date --- and, barring good cause for a further adjournment on account of the pandemic, it is a firm date.  Per the Court's Order of May 11, 2020 (ECF No. 60), defense counsel must confirm in their letter due by June 19, 2020, that their clients are aware of the trial date, that it is a firm date, and, accordingly, that any application that could affect the ability to begin trial on that date could be denied on that basis alone.

The Clerk of Court is directed to terminate ECF No. 61.

SO ORDERED.

May 13, 2020

Miedel & Mysliwiec • 80 Broad Street, Suite 1900 • New York, New York 10004 • (T) 212-616-3042 • (F) 800-507-8507 • www.fmamlaw.com