

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 8, 2021

**BY CM/ECF AND EMAIL**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
New York, New York 10007

      Re:    *United States v. Robert Wilson et al.*, S2 19 Cr. 625 (JMF)

Dear Judge Furman:

      The parties write in response to the Court's January 4, 2021 Order (Doc. No. 88) to set forth their views on the questions the Court posed: "(1) whether this case should or must be tried before June 30, 2021, or whether trial should be adjourned to later; (2) whether there are dates during the second quarter of 2021 other than May 24, 2021, that all counsel would be available to begin a trial; (3) whether and when the Court should hold a conference to discuss the matter; and (4) whether time should be excluded under the Speedy Trial Act between January 18, 2021, and March 2, 2021."

      The Government's Response

      First, the Government's strongly held view is that this case should proceed to trial as scheduled on May 24, 2021, or, if that date is not possible under the District's trial assignment plan, any other day in the second quarter of 2021 or as soon thereafter as possible. As an initial matter, the Government acknowledges its "affirmative obligation to criminal defendants and to the public to bring matters to trial promptly," as well as its additional obligation to "press[] the court for a reasonably prompt trial.'" *United States v. Black*, 918 F.3d 243, 253, 254 (2d Cir. 2019) (quotations omitted). Mindful of this duty, the Government respectfully requests as reasonably prompt a trial date in this case as possible. This request is particularly appropriate in light of the age of the case and the custodial status of the defendants: this case has been pending since September 2019—six months before the pandemic began—and all four defendants are in pretrial detention. In addition, some witnesses who are expected to testify at trial are also in custody and will not be sentenced until trial in this matter is complete. Finally, this week marks the two-year anniversary of the murder of Nelson Ramos, which is the subject of multiple counts in this case. His family also deserves to have those accused of committing his murder brought to trial as reasonably promptly as possible.

      Second, the Government will be available to begin trial on any day in the second quarter of 2021.

      Third, in the light of the defense's objections, the Government welcomes a conference to discuss this matter.

Fourth, the Government respectfully requests that the Court exclude time under the Speedy Trial Act, 18 U.S.C. § 3161, until March 2, 2021, for the reasons set forth below. Counsel for the defendants consent to this request. The Government submits that the ends of justice served by an exclusion of time until March 2, 2021 outweigh the best interest of the public and the defendants in a speedy trial, because such an exclusion will allow the defendants and their counsel additional time to continue their review of the discovery in this case, to prepare and file potential pretrial motions, to continue discussions with the Government about potential pretrial resolutions, and to otherwise continue their preparations for trial.

The Defense's Response

Defense counsel and our clients have conferred and make the following request:  May 24, 2021, has long been a firm trial date, and the defendants understand that.  However, no one could have foreseen the degree to which the international pandemic has wrought havoc on the administration of justice in the federal courts.  Our clients, all of whom are detained, have been under near constant lockdown for months.  At least one of them, if not more, have contracted and endured COVID, with lasting after-effects.  Visiting clients in person has been near impossible; indeed, the MDC has been closed to legal visitors for months, even for those willing to brave that facility, a COVID hotbed.  Neither phone nor video conferences serve as satisfactory substitutes for in-person, substantive conversations about the trial or potential resolutions, and they do not allow for attorneys and clients to go through discovery together.  Currently clients are released only 30 minutes a day out of their cells, five days a week.  They have no ability to review their own discovery, since it is almost all electronic and requires the use of unit computers.  As the Court knows, the two months before a trial are crucial and preparation ramps up significantly.  It is unknown whether we will have access to our clients in March, April and May, and can sit with them for hours to discuss trial strategies, motions *in limine*, potential investigations, etc.

For Robert Wilson, the difficulties presented by the pandemic and the BOP's response are exacerbated by the fact that his lawyer only came on board in early July 2020, in the midst of the crisis.  Lawyer and client have never even met in person.  Mr. Wilson's attorney has a herculean task to try to catch up, not only in discovery review, but also in establishing a trusting relationship with his client.

Accordingly, it is the position of the defendants and their lawyers that the May 24 trial date, and indeed any trial date in the second quarter, is no longer feasible.  Our clients are accused of committing very serious crimes and face mandatory life sentences if convicted at trial.  In our view, it is not in their interests, nor the public's, to insist on a trial in May or June given the current conditions and the severe limitations placed on the attorney-client relationships.

In answer to the Court's second inquiry, if the Court requires the parties to proceed to trial in the second quarter over defense objection, other dates in the quarter are agreeable, but not later than June 14, 2021, as at least two counsel have conflicts in early July.

The defense agrees that a conference is advisable, and is available for a conference between January 11 and January 15, except for the mornings of January 12th and 14th, and between 12-1pm on January 13.  Moreover, counsel and the defendants agree to participate in a telephonic conference, rather than in person.  We believe that conducting the conference telephonically would be consistent with the Constitution, the Federal Rules of Criminal Procedure, and the CARES Act

in light of the ongoing national COVID pandemic, the unnecessary risks that an in-person conference would place on the participants, and the fact that the defendants would need to quarantine for 14 days under intolerable conditions.

.

          Respectfully submitted,

          AUDREY STRAUSS
          Acting United States Attorney

By:    /s/ Justin V. Rodriguez
       Andrew K. Chan / Justin V. Rodriguez
       Assistant United States Attorneys
       (212) 637-1072 / 2591

Cc: Counsel for all Defendants (by CM/ECF and email)

The Court will hold a telephone conference to discuss the timing of trial.  Given the protocols for telephone conferences with detained defendants and the fact that two Defendants are detained at the MCC and two are detained at the MDC, it is not clear whether the Court will be able to set up a single time when all Defendants could participate in a telephone conference.  For now, however, the Court will hold a telephone conference on Monday, January 25, 2021, at noon.  The Court will advise if that date and time do not work - or if it cannot arrange for a single conference with all Defendants, in which case the Court may have to hold two conferences.  Needless to say, if some or all of the Defendants waive their presence at the conference (mindful that their presence is probably not even required in light of Rule 43(b)(3) of the Federal Rules of Criminal Procedure), it may facilitate the scheduling of a conference with all counsel.  Counsel shall promptly advise the Court if any Defendant waives his presence.

The Clerk of Court is directed to terminate ECF No. 89.

          SO ORDERED.

          January 12, 2021